| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF CASS | NINTH JUDICIAL DISTRICT<br>Case Type: Contract |

Optimum Cleaning LLC,      Court File No: 0:21-cv-01656 ECT-LIB

       Plaintiff,

vs.

Secura Insurance Company,     **DEFENDANT SECURA INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

       Defendant.

---

Defendant, properly identified as SECURA Insurance, A Mutual Company ("Secura"), by and through the undersigned counsel, as and for its answer to Plaintiff's Complaint, states and alleges as follows:

1. Denies each and every allegation, matter and thing contained in said Complaint except that which is hereafter expressly admitted, qualified or otherwise answered.

2. Admits the allegations contained in Paragraph 1 upon information and belief.

3. Admits the allegations contained in Paragraph 2.

4. Paragraphs 3 and 4 call for legal conclusions and therefore require no response from this answering Defendant.

5. Admits the allegations contained in Paragraph 5 and affirmatively alleges that the rights and obligations of the parties are governed by the terms, conditions, definitions, limitations, exclusions, endorsements and policy limits of the referenced insurance policies, which are incorporated herein by reference.

6. Answering Paragraph 6, admits only that subject to its terms, conditions, definitions, limitations, exclusions, endorsements and policy limits, the referenced insurance policy insured against the peril of fire, and affirmatively alleges that the policy speaks for itself.

7. Answering Paragraph 7, admits only that subject to its terms, conditions, definitions, limitations, exclusions, endorsements and policy limits, the referenced insurance policy provided a $100,000 coverage limit for the detached building described in the Complaint, and affirmatively alleges that the policy speaks for itself.

8. Answering Paragraph 8, admits only that the referenced policy provided coverage for actual covered business income loss sustained subject to the policy terms, conditions, definitions, limitations, exclusions and endorsements, and affirmatively alleges that the policy speaks for itself.

9. Answering Paragraph 9, admits only that the referenced commercial auto policy was effective during the identified policy period and provided comprehensive physical damage coverage for the referenced truck subject to the policy terms, conditions, definitions, limitations, exclusions and endorsements, and affirmatively alleges that the policy speaks for itself.

10. Admits the allegations contained in Paragraph 10 and affirmatively alleges that the referenced policy provided comprehensive physical damage coverage up to the stated limit for the lesser of actual cash value or cost of repair, that said coverage was subject to the policy terms, conditions, definitions, limitations, exclusions and endorsements, and that the policy speaks for itself.

11. Admits the allegations contained in Paragraph 11.

12. Answering Paragraph 12, denies that Plaintiff sustained covered business income loss under the Businessowners policy issued by SECURA.

13. Answering Paragraph 13, admits only that Plaintiff notified SECURA and reported the loss and provided access to the property for investigation and adjustment of the loss.

14. Answering Paragraph 14, re-alleges and incorporates by reference the averments contained in Paragraphs 1 through 13 above.

15. Admits the allegations contained in Paragraph 15.

16. Denies the allegations contained in Paragraphs 16, 17 and 18.

## AFFIRMATIVE DEFENSES

Defendant SECURA asserts the following Affirmative Defenses to the allegations contained in Plaintiff's Complaint and reserves the right to assert such other and further Affirmative Defenses as investigation and discovery may warrant.

1. Affirmatively alleges that Plaintiff's Complaint, in whole or in part, may fail to state a claim upon which relief can be granted.

2. Affirmatively alleges that coverage under the referenced policies is governed by their terms, conditions, definitions, exclusions, limitations, and policy limits, and by applicable law.

3. Affirmatively alleges that Plaintiff's claims may be barred, in whole or in part, by the doctrines of accord and satisfaction, payment, waiver and/or release.

4. Affirmatively alleges that SECURA's payments, or offers to pay, fully compensate Plaintiff for covered loss sustained as a result of the fire event described in Plaintiff's Complaint.

5. Affirmatively alleges, without relieving Plaintiff of its burden of proof in any respect, that the claims asserted are or may be barred by any and all of the affirmative defenses contemplated by Rule 8.03 of the Minnesota Rules of Civil Procedure. The extent to which the

Plaintiff's claims are or may be barred by one or more of said affirmative defenses, not specifically set forth herein, cannot be determined until there has been further discovery. Defendant, therefore, incorporates all such affirmative defenses set forth in Rule 8.03.

WHEREFORE, Defendant SECURA prays that Plaintiff take nothing by its pretended cause of action, that the same be dismissed with prejudice, on the merits, and that SECURA be awarded its costs and disbursements herein along with such other and further relief as the Court deems just and proper.

Dated: 7/9/21

ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.

_____
Stephen M. Warner (#0271275)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214
P: (612) 339-3500
F: (612) 339-7655
smwarner@ArthurChapman.com

*Attorney for Defendant*
*Secura Insurance Company*

## ACKNOWLEDGMENT

The attorney whose signature appears above hereby acknowledges that sanctions may be imposed for violations of Minn. Stat. §549.211.

_____
Stephen M. Warner

9635972

4

State of Minnesota, County of Cass, District Court
*Optimum Cleaning LLC v. Secura Insurance Company*
Cass District Court No.

## AFFIDAVIT OF MAILING

STATE OF MINNESOTA   )
                     ):ss
COUNTY OF HENNEPIN   )

Ann M. Vars, being first duly sworn, states that she is a legal administrative assistant in the office of Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402-3214, and that on the 9th day of July, 2021, she served the attached:

### 1. Defendant's Answer to Plaintiff's Complaint

upon the following person(s) by placing a copy of each in an envelope properly addressed to such person(s) at his/her/their last known address, and the envelope, with postage prepaid, was deposited in the United States Mail at Minneapolis, Minnesota, for delivery by the United States Postal Service, as directed by said envelope:

*Attorney(s) for Plaintiff*
*Optimum Cleaning LLC*
John C. Wittmer
Alexander M. Jadin
Smith Jadin Johnson, PLLC
7900 Xerxes Avenue South, Ste 2020
Bloomington MN 55437

Ann M. Vars

Subscribed and sworn to before me on July 9, 2021.

Notary Public

DEBORA LEE PICHE
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2025

9652533

ACKSP File No. 57519